**Samim Ramjan MAREDIA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–71895.

INS No. A70–803–545.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2003.

Decided Feb. 20, 2003.

Before D.W. NELSON, WARDLAW and FISHER, Circuit Judges.

MEMORANDUM *

The Board of Immigration Appeals declined to reopen Petitioner Samin Ramjan Maredia's case to allow her to challenge her 1995 in absentia deportation order, concluding that Maredia had failed to exercise the reasonable diligence necessary to toll the 180–day limitations period for filing motions to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) (repealed 1996), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104–208, div. C, § 309(c)(4), 110 Stat. 3009, 3009–626, and we grant the petition.

Given the circumstances of this case, the BIA abused its discretion by failing to toll the statute of limitations applicable to Maredia's motion to reopen. The 180–day statute of limitations for filing a motion to

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

reopen an order of deportation may be equitably tolled "where the alien's late petition is the result of the deceptive actions by a notary posing as an attorney." *Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir.1999). The limitations period should be tolled until the petitioner is actually aware of the harm resulting from such deceptive actions. *See Fajardo v. INS*, 300 F.3d 1018, 1022 (9th Cir.2002). Equitable tolling is warranted here despite the lapse of time before Maredia began investigating the status of her case.

A combination of factors justifies Maredia's having waited until 2000 to inquire into her proceedings. First, Maredia reasonably believed that Alex Salibian, the person she paid $1,000 to handle her case and who deceived her into believing he was an immigration attorney, would file the appropriate change of address forms and would have her case transferred to Texas. Second, it was reasonable for Maredia to believe that the INS would provide her with notice of the next step in her proceeding, and that she need not take any affirmative action until then. This is underscored by the fact that no document provided to Maredia nor any in her file lists a toll-free telephone number for the INS or the immigration court that she might have used to check on the status of her case. Third, Maredia reasonably assumed that her INS proceedings might take a long time, given the almost three year delay between the filing of her asylum application and the scheduling of her asylum interview; therefore her failure to contact Salibian or the INS during this period does not demonstrate that she failed to exercise diligence or "slumbered on her rights." Finally, as soon as Maredia learned that she had been deported in absentia she acted swiftly and filed her motion to reopen within 180 days, as the BIA acknowledged. Although it would be an easier case if Maredia had inquired into

the status of her case earlier, in light of the unique circumstances of her case the delay was not so long or unjustified that it precludes equitable tolling. In reaching this conclusion, we also take into account that the INS does not argue that it has been prejudiced by Maredia's delay. *See Socop–Gonzalez v. INS*, 272 F.3d 1176, 1184 (9th Cir.2001) (en banc) (equitable tolling focuses on petitioner's "excusable ignorance ... and on lack of prejudice to the defendant") (internal quotation marks omitted).

Thus, the 180–day limitations period on Maredia's motion to reopen her in absentia deportation proceedings based upon "exceptional circumstances" is tolled. We remand this matter to the BIA so that it can determine whether Salibian's fraud upon Maredia is an "exceptional circumstance" excusing her failure to appear at her deportation hearing, requiring the rescission of the in absentia deportation order and the reopening of her proceedings. *See Fajardo*, 300 F.3d at 1022.

**PETITION GRANTED.**