**Harjinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72462.
Agency No. A76–673–023.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2003.

Decided Dec. 10, 2003.

Ashwani K. Bhakhri, Esq., Alexander G. Cooperman, Joseph J. Siguenza, Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

---

* The Honorable William W. Schwarzer, United States Senior District Judge for the Northern District of California, sitting by designation.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Paul Fiorino, David V. Bernal, Regina Byrd, Attorneys, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

Before TASHIMA, THOMAS, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Harjinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals ("BIA") summary decision affirming the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal. Singh contends that substantial evidence does not support the IJ's adverse credibility finding. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review and remand to the BIA to determine whether Singh is eligible for asylum and withholding.

Where, as here, a single panel member of the BIA affirms the IJ's decision without opinion pursuant to 8 C.F.R. § 3.1(a)(7) (now 8 C.F.R. § 1003.1(a)(7)), we review the decision of the IJ. *Fajardo v. INS*, 300 F.3d 1018, 1019 n. 1 (9th Cir.2002). We review the IJ's adverse credibility finding for substantial evidence. *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). Although the "substantial evidence" standard is highly deferential, to support an adverse credibility determination, the IJ "must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000) (quoting *Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir.1998)) (quoting *Osorio v. INS*, 99 F.3d 928, 931 (9th Cir. 1996)). Inconsistencies in Singh's statements "must go to the 'heart of [his] asylum claim' to justify an adverse credibility finding." *Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir.2002) (quoting *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001)) (alteration in original). "Minor inconsistencies ... which reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding." *Vilorio-Lopez v. INS*, 852 F.2d 1137, 1142 (9th Cir. 1988).

■ Substantial evidence does not support the IJ's finding that minor inconsistencies in Singh's testimony were either individually, or collectively, sufficient to support an adverse credibility finding. The IJ found Singh generally credible and Singh's account of being arrested on two occasions and beaten by the Indian police because of his membership in the All India Sikh Student Federation/Akali Dahl Mann was detailed and consistent. Several of the inconsistencies identified by the IJ were not inconsistencies at all.[1] Moreover, to the extent there were inconsistencies or omissions in Singh's testimony, they were minor, and did not enhance or go to the heart of his asylum claim.

■ Because we conclude that the IJ's adverse credibility finding was not supported by substantial evidence, we also conclude that corroboration was not re-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the record, we, like the BIA, do not recite each alleged inconsistency in detail.

quired. *See Ladha v. INS*, 215 F.3d 889, 901 (9th Cir.2000).

 The IJ found Singh ineligible for asylum and withholding solely on the ground that he was not credible; the BIA did not disturb the IJ's finding that, if Singh were deemed credible, "the treatment by the police [was] a result [of actual imputed political opinion] and was sufficiently abusive to constitute past persecution [and] create the presumption of eligibility for asylum." Accordingly, we grant the petition for review and remand to the BIA to consider whether Singh is eligible for asylum and withholding. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

PETITION FOR REVIEW GRANTED and REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.