Normita Santo Domingo FAJARDO,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 01–70599.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2002.

Filed Aug. 9, 2002.

Howard R. Davis, Van Nuys, California, for the petitioner.

Donald A. Couvillon, United States Department of Justice, Office of Immigration Litigation, Civil Division, Washington, D.C., for the respondent.

Before LAY,* CANBY, JR. and PAEZ, Circuit Judges.

## OPINION

LAY, Circuit Judge.

Normita Santo Domingo Fajardo is a native of the Philippines. She entered the United States in September of 1989 as a visitor and did not depart. In 1992, Fajardo submitted an application for political asylum prepared by Pedro Serra, whom Fajardo referred to as an "immigration paralegal." Serra also accompanied Fajardo to her interview before the Asylum Officer. Her application was denied on September 29, 1993, and the Immigration and Naturalization Service (INS) issued an order to show cause. The order was sent to Fajardo at 909 S. Bonnie Brae, Los Angeles, CA 90006. This address, it appears, was the residence of Serra. Fajardo alleges Serra did not contact her about

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

the denial of her asylum petition or her need to appear for her deportation hearing despite her periodic inquiry into the status of her case. Because she failed to appear at her deportation hearing in April 1994, the proceedings were held in absentia and Fajardo was ordered deported. Only after learning from a mutual acquaintance that she had been ordered deported did she become aware of the hearing.

When confronted by Fajardo, Serra offered to help by authoring a motion to reopen the hearings. This motion, dated August 9, 1997, indicated that Fajardo "did not know" of the original hearings. Serra did not reveal his failure to notify Fajardo of the hearing in the motion to reopen. The motion to reopen was denied because the Immigration Judge (IJ) believed Fajardo's nonappearance was the result of her failure to notify the Executive Office for Immigration Review (EOIR) and the INS of a change in her address.

Thereafter, Fajardo's cousin referred her to Michael Levin, a family friend. Levin is not a lawyer, but he suggested that he could help her out. Levin lives and works in Las Vegas and told Fajardo he knew an INS attorney there who could have her case transferred there. Fajardo paid Levin $1,000 for the appeal. In March 1998, the Board of Immigration Appeals (BIA) denied the appeal as untimely, and Fajardo was instructed to report for deportation.

In May 1998, Fajardo hired her present attorneys and only then, she claims, did she become aware of "the legal misconduct of Mr. Serra and Mr. Levin." In August 1998, Fajardo filed a second motion to

rescind the deportation order and to reopen her case. She claimed the alleged misconduct of Serra and Levin constituted "exceptional circumstances" within the meaning of § 242B(c)(3)(A), 8 U.S.C. § 1252b(c)(3)(A) of the Immigration and Nationality Act (INA), and justified reopening the proceedings. Fajardo further argued the 180–day limitation on motions to reopen for exceptional circumstances should be tolled until she became aware of the misconduct. Fajardo also claimed the INS failed to meet its burden of persuasion as to deportability. In December 1998, the IJ denied the motion. On appeal, the BIA affirmed the IJ's decision without opinion, and Fajardo filed a timely notice of appeal to this court.

## DISCUSSION

This court has jurisdiction under 8 U.S.C. § 1105a(a), as amended by § 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. *See Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir.1997). We review for abuse of discretion the IJ's denial of Fajardo's motion to reopen. *Garcia v. INS,* 222 F.3d 1208, 1209 (9th Cir.2000).[1]

■ Under INA § 242B(c)(3)(A), 8 U.S.C. § 1252b(c)(3)(A) (repealed 1996), an in absentia deportation order may be rescinded if the motion to reopen is filed within 180 days of the order and the petitioner can show her failure to appear was due to "exceptional circumstances."[2] In denying Fajardo's motion to reopen her in absentia deportation order, the IJ concluded she had failed, under 8 C.F.R. § 3.2(c)(2), to establish a prima facie case of eligibility for relief because the motion

---

1. The BIA summarily affirmed the IJ's order, which therefore constitutes the final agency decision under review. *See* 8 C.F.R. § 3.1(a)(7).

2. Under 8 U.S.C. § 1252b(c)(3)(B), a motion to reopen may be filed at any time, but the

petitioner must demonstrate that she "did not receive notice in accordance with subsection (a)(2) of this section." Fajardo does not challenge notice under subsection (a)(2), or move to reopen under subsection (c)(3)(B).

was "her second motion to reopen and so should be denied." The IJ also stated he was not persuaded to reopen the proceedings because Fajardo "failed to provide EOIR with any address change which might have facilitated" her receiving notice of the hearing and because "[h]er reliance on non-lawyers to advise her, while arguably less than sage, was her right AND responsibility."

Section 3.2(c)(2) limits a petitioner to one motion to reopen. This limitation, however, is subject to the exceptions contained in § 3.2(c)(3). Section 3.2(c)(3)(i), in turn, refers to the provisions in 8 C.F.R. § 3.23(b)(4)(iii)(A)(1) & (2). While other portions of § 3.23 apply the single-motion limitation to motions to rescind an in absentia order of *removal* (pursuant to INA § 240(b)(5), 8 U.S.C. § 1229a(b)(5)), they do not apply to in absentia orders of *deportation* (pursuant to INA § 242B, 8 U.S.C. § 1252b). *Compare* 8 C.F.R. § 3.23(b)(4)(ii) (removal), *with* § 3.23(b)(4)(iii) (deportation). The INS concedes the IJ was mistaken, but argues the error was harmless because the motion was untimely and because Fajardo failed to show exceptional circumstances that would warrant reopening the proceedings. Fajardo, however, argues that *Lopez v. INS*, 184 F.3d 1097 (9th Cir.1999), and *Varela v. INS*, 204 F.3d 1237 (9th Cir. 2000), compel the tolling of the 180–day limitation period and the reopening of her case.

■ [3] In *Lopez*, the petitioner was defrauded by a notary public who held himself out as an attorney. Lopez hired the notary to represent him in obtaining a work permit. The notary filed an application for political asylum instead, instructed Lopez not to attend the INS interview or deportation hearing, and failed to appear on Lopez's behalf. Lopez was ordered deported in absentia. Lopez hired new counsel and filed a motion to reopen his proceedings because of ineffective assistance of counsel, which was ultimately dismissed as untimely. *Lopez*, 184 F.3d at 1098–99. On appeal, this court held "the statute of limitations to reopen an order of deportation is equitably tolled where the alien's late petition is the result of the deceptive actions by a notary posing as an attorney." *Id.* at 1100.[3] Similarly, in *Varela*, "Daniel Garcia represented to Varela that he was an assistant to Terrence McGuire, the lawyer who had represented Varela at[his] deportation hearing." 204 F.3d at 1240. Varela paid Garcia to file a motion to reopen and an application for adjustment of status, but Garcia failed to do so in a timely manner. The *Varela* court held the motion "served no purpose because it was filed after the statute of limitation had expired and provided no facts to justify equitable tolling." *Id.* Thus, "Garcia wasted Varela's opportunity to reopen his deportation proceedings and apply for adjustment of status by filing a worthless motion." *Id.*[4]

■ Prior to this court's decisions in *Lopez* and *Varela*, the BIA established guidelines for bringing motions to reopen based on claims of ineffective assistance of counsel. *See Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988);[5] *see also In re*

---

**3.** The doctrine of equitable tolling "is read into *every* federal statute of limitation." *Lopez*, 184 F.3d at 1100 (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 90 L.Ed. 743 (1946)).

**4.** The *Varela* court ultimately applied the principle of equitable tolling to the single-motion

limit on motions to reopen contained in 8 C.F.R. § 3.2(c)(2). 204 F.3d at 1240.

**5.** *Lozada* states: (1) The motion must be "supported by an affidavit of the allegedly aggrieved respondent attesting to the relevant facts," (2) "former counsel must be informed of the allegations and allowed the opportunity to respond," and (3) if the prior counsel's

*Grijalva–Barrera,* 21 I. & N. Dec. 472, 473–74 (BIA 1996) (finding the claimant had satisfied the *Lozada* standards). Thus, Fajardo relied on *Grijalva–Barrera* and *Lozada* in arguing to the IJ that the actions of Serra and Levin constituted exceptional circumstances within the meaning of INA § 242B(c)(3)(A). Serra and Levin were not attorneys, but Fajardo argued "the two decisions could equally be applied to cases involving the misconduct of immigration consultants." She claimed immigration consultants, like attorneys, "represent themselves to be knowledgeable about immigration law, thereby causing aliens to trust in their advice." It was not until after the IJ's decision was rendered that this court decided *Lopez* and *Varela.* On appeal, Fajardo explicitly asked the BIA to evaluate her claims in light of these decisions. Nevertheless, the BIA affirmed the IJ's order without opinion.

The INS argues Fajardo never characterized her claim as one of "fraud" before the IJ, nor did she move for the IJ to reconsider the decision on the basis of new evidence of fraud. The INS contends that because the doctrine of equitable tolling— and therefore the decision in *Lopez*—is premised on fraud, *see Lopez,* 184 F.3d at 1100 (quoting *Holmberg,* 327 U.S. at 397, 66 S.Ct. 582), Fajardo is impermissibly changing her legal theory on appeal. *See In re Jimenez–Santillano,* 21 I. & N. Dec. 567, 570 n. 2 (BIA 1996) (holding that an issue not raised before the IJ or ruled on by the IJ was not properly before the BIA). According to the INS, Fajardo's appeal to the BIA is simply an appeal of the denial of her claim based upon "misconduct" rather than one based on "fraud." This argument is without merit. In the present case, the distinction between arguing misconduct and fraud is merely semantic. For all intents and purposes, the argument has been the same from the time Fajardo filed her second motion to reopen. She has consistently claimed the actions of Serra and Levin constitute "exceptional circumstances," excusing her from missing her hearing and filing deadlines. The misrepresentations of both Serra and Levin implicitly resound in fraud. The precise language used should not prohibit the resolution of her argument.[6]

According to the affidavit Fajardo submitted with her motion, Serra prepared her asylum application and represented to her that he would address any questions he had to an immigration attorney. He never did so. Serra accompanied Fajardo to her asylum interview, and it was his address Fajardo had given to the INS for purposes of communication. Nevertheless, in 1997, Fajardo discovered she had been deported in absentia without being informed by Serra of her need to appear at her hearing some three years earlier. Serra filed a motion to reopen, *but it made no mention of the role he played in Fajardo's failure to appear* and was rejected. Fajardo then turned to Levin, whom she paid to help her appeal the denial of her motion to reopen to the BIA, but the notice of appeal was filed late and was rejected. Fajardo subsequently hired her present counsel and only then became aware of the extent of Serra and Levin's misrepresentations.

---

conduct violated "ethical or legal responsibilities," the motion should reflect whether a complaint has been filed with the appropriate disciplinary authorities, and if not, why. 19 I. & N. Dec. at 639.

**6.** In any event, the rule that this court should refrain from entertaining arguments not raised below is not a jurisdictional bar, but discretionary. *Abex Corp. v. Ski's Enters., Inc.,* 748 F.2d 513 (9th Cir.1984); *see also In re Prof'l Inv. Props. of Am.,* 955 F.2d 623 (9th Cir.1992) (listing various circumstances where it is appropriate to consider arguments not raised below, such as changes in the law).

This appeal raises two related, but separate, questions: (1) Is Fajardo's claim barred by the 180–day limitation period, and if not, (2) has she shown exceptional circumstances supporting her motion to rescind the in absentia deportation order and reopen her deportation proceedings? It is only necessary, however, to answer the first question.[7] Under this court's decisions in *Lopez* and *Varela*, the limitation period should be tolled due to the "deceptive actions" of Serra and Levin. *Lopez* does not limit its holding to factual situations where an alien relies upon a third party holding himself out as an attorney. This is clear when read in light of *Varela*, where the applicant relied on someone he knew was not an attorney, yet this court extended the reasoning of *Lopez*. *See Varela*, 204 F.3d at 1240. Given the facts of this case, the limitation period on motions to reopen based on exceptional circumstances must be tolled until Fajardo was aware of the harm resulting from Serra and Levin's misconduct. In the present circumstances, that would be the time in which Fajardo obtained her present counsel. Therefore, we hold the (second) motion to rescind Fajardo's in absentia deportation order and reopen her proceedings was timely.

Finally, Fajardo challenges the evidence supporting her deportation. She may only make such a challenge, however, if she succeeds in reopening her case on one of the statutorily authorized grounds. Because our holding today is limited to the subject of equitable tolling, the BIA must still decide whether to reopen Fajardo's case. If her motion to reopen is granted, she may then properly raise her evidentiary claims.

## CONCLUSION

The IJ's conclusion that Fajardo's motion to reopen was precluded because it was her second motion is clearly erroneous as a matter of law. The IJ's categorical refusal to consider the actions of Serra and Levin as a basis for reopening Fajardo's proceedings solely because they were not attorneys (and the BIA's summary affirmation of that decision) is likewise clearly erroneous. In light of *Lopez* and *Varela*, the 180–day limitation period on filing motions to reopen in absentia deportation proceedings based on "exceptional circumstances" is tolled. The case is remanded to the BIA to determine, in light of *Lopez*, *Varela*, and this opinion, whether Serra's failure to inform Fajardo of her need to attend her deportation hearing constitutes "exceptional circumstances" excusing her failure to appear and requiring rescission of the in absentia order and reopening of her proceedings.[8]

---

**7.** The question whether Fajardo has shown exceptional circumstances is properly left to the BIA.

**8.** On remand, the BIA must fully consider Fajardo's claim of exceptional circumstances in light of our decisions. It is difficult to imagine how Serra's failure to inform Fajardo of her need to appear at her deportation hearing would not constitute an exceptional circumstance excusing her absence. "Exceptional circumstances are defined as 'circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien.'"

*Sharma v. INS*, 89 F.3d 545, 547 (9th Cir. 1996) (holding traffic difficulties do not qualify as exceptional circumstances) (quoting 8 U.S.C. § 1252b(f)(2)); *but see Varela*, 204 F.3d at 1240 n. 6 (explaining the fraud perpetrated by Garcia should be considered an exceptional circumstance). In deciding whether there are exceptional circumstances under 8 U.S.C. § 1252b(c)(3)(A) the court "looks to the particularized facts presented in each case." *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000). Fajardo's inability to satisfy the *Lozada* requirements for proving ineffective assistance of counsel is "not fatal to [the] motion. Ineffective assistance of counsel is a second, independent ground for

PETITION GRANTED. REVERSED AND REMANDED.

re-opening proceedings." *Varela,* 204 F.3d at 1240 n. 6; *cf. Lozada,* 19 I. & N. Dec. at 638 (concluding that claims of ineffective assistance of counsel are based upon "the fifth amendment guarantee of due process").