Marcel Naguib DEMIAN; et al., Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 01–70461.

INS Nos. A70–064–208, A70–069–472, A70–069–473, A70–069–474.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 16, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Marcel Demian and her three children, all natives and citizens of Egypt, appeal from a decision of the Board of Immigration Appeals' ("BIA") denying their motion to reopen deportation proceedings and their motion to reconsider the BIA's order affirming the Immigration Judge's in absentia deportation order. Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a(a).

We review for abuse of discretion the BIA's denial of motions to reopen and to reconsider. *Saldana v. INS,* 762 F.2d 824, 827 (9th Cir.1985). Under the abuse of discretion standard, the decision of the BIA will be upheld unless it is arbitrary, irrational, or contrary to law. *Id.* We grant the petition in part, deny it in part, and remand.

Pursuant to 8 C.F.R. § 3.2(c)(2), a petitioner is limited to one motion to reopen. The single-motion limitation, however, does not apply to motions to rescind an in absentia order of deportation. *Fajardo v. INS,* 300 F.3d 1018, 1020 (9th Cir.2002). Accordingly, the BIA abused its discretion by determining that the Demians' motion to reopen was precluded because it was their second motion to reopen. *See id.* at 1022.

Contrary to the Demians' contentions, the BIA properly exercised its discretion by denying the motion for reconsideration of its order affirming the Immigration Judge's in absentia deportation order. *Saldana,* 762 F.2d at 826 (stating that a motion for reconsideration is decided

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

based on the facts before the Board at the time it made its original decision).

We find the Demians' remaining contentions unpersuasive.

We grant the petition in part and remand for the BIA to fully consider the Demians' claim of exceptional circumstances. *See Singh v. INS,* 295 F.3d 1037, 1039–40 (9th Cir.2002) (finding exceptional circumstances where there was a misunderstanding as to the time of the deportation hearing and the petitioner was the beneficiary of an approved visa petition).

**PETITION GRANTED in part, DENIED in part, and REMANDED.**