**Imelda De Luna MACIAS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72581.
Agency No. A75–504–805.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 2003.

Decided Aug. 12, 2003.

---

Before NOONAN, TALLMAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

A motion to reopen a final administrative order of removal must be filed within 90 days of the order. 8 U.S.C. § 1229a(c)(6)(C)(i). Petitioner Imelda de Luna Macias filed her motion to reopen 95 days after the BIA summarily dismissed her appeal. The Board of Immigration Appeals (BIA) denied the motion as untimely, refusing to equitably toll the 90–day statute of limitation. We agree that equitable tolling is unavailable to Macias and deny her petition for review.

■ "This court ... recognizes equitable tolling of deadlines and numerical limits on motions to reopen ... during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (citations omit-

ted). The only act of "deception, fraud, or error" in this case was the failure of Macias's "accredited representative" to file an appellate brief before the BIA. Macias knew or should have known that her accredited representative did not file an appellate brief prior to meeting with her current counsel on January 22, 2002 because the BIA's December 3, 2001 decision put Macias on notice that such a brief was never filed. Macias did not act promptly in remedying this defect and therefore did not act with due diligence in pursuing her ineffective assistance of counsel claim.

■ Even if Macias did not actually become aware of the BIA's decision until some time after December 3, 2001, the BIA did not abuse its discretion in denying the motion to reopen because Macias did not introduce any evidence into the record indicating when she actually received the BIA's December 3, 2001 decision. 8 U.S.C. § 1229a(c)(6)(B) ("The motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."); *Fajardo v. INS,* 300 F.3d 1018, 1019 (9th Cir.2002) (noting that the BIA's decision to deny a motion to reopen is reviewed for abuse of discretion).

DENIED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.