Jerson Ramos CALUYA, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 02–70215.
INS No. A70–210–869.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 5, 2003.*

Filed April 3, 2003.

Amended Sept. 8, 2003.

Samuel W. Asbury, Esq., Gresham, OR, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Attorney, Allen W. Hausman, Attorney, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before D.W. NELSON, WARDLAW and FISHER, Circuit Judges.

AMENDED MEMORANDUM **

Jerson Ramos Caluya petitions for review of the Board of Immigration Appeals's decision upholding the denial of his untimely motion to reopen his case. The BIA determined that, prior to being ordered deported *in absentia*, Caluya received notice of the deportation hearing, and that he was not entitled to equitable tolling of the motion to reopen deadline. We have jurisdiction pursuant to 8 U.S.C. § 1105a (repealed 1996) to review the BIA's order, and we deny the petition.

We lack jurisdiction to review Caluya's assertion that the IJ and BIA erred under *In re M–S–*, 22 I. & N. Dec. 349 (B.I.A. 1998) (en banc), in applying the wrong standard in evaluating his motion, because he raises this argument for the first time before us. *See Cortez–Acosta v. INS*, 234 F.3d 476, 480 (9th Cir.2000). We simply note that Caluya's motion was untimely by either standard, as it was filed nearly seven years after the *in absentia* deportation order was entered. 8 C.F.R. § 3.23(b)(4)(iii)(A)(1) (motions to rescind must be filed within "180 days [from] the date of the [*in absentia* deportation] order" if the alien wishes to demonstrate that his "failure to appear was because of exceptional circumstances"); *id.* § 3.23(b)(1) (motions to reopen "must be filed within 90 days of the date of entry of a final administrative order of … deportation"). Caluya has failed to allege fraud or misconduct sufficient to entitle him to equitable tolling of either of these filing deadlines. *Fajardo v. INS*, 300 F.3d 1018, 1020–21 (9th Cir.2002).

Caluya's assertion that his motion was nevertheless timely under 8 C.F.R. § 3.23(b)(4)(iii)(A)(2) because he never received actual notice of his deportation hearing, even though the Immigration Court sent him notice by certified mail, is

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

waived because he raised it for the first time in his supplemental brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

DENIED.