**Majar SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72760.
Agency No. A77–839–343.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2004.*

Decided March 5, 2004.

Inna Lipkin, Law Offices of Kuldip S. Dhariwal, Fremont, CA, for Petitioner

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Christopher C. Fuller, Thankful T. Vanderstar, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before TASHIMA and CLIFTON, Circuit Judges, and LEIGHTON,** District Judge.

MEMORANDUM***

Majar Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals summarily affirming without opinion the decision of the Immigration Judge ("IJ"). In summary affirmance cases, we review the IJ's order as the agency's final decision. *Fajardo v. INS,* 300 F.3d 1018, 1019 n. 1 (9th Cir.2002). The IJ found that Singh was not credible and therefore denied his

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

applications for asylum, withholding of removal, and withholding under Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

The IJ's adverse credibility finding is supported by substantial evidence. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003) (stating that an adverse credibility determination is reviewed for substantial evidence). Among the grounds given by the IJ for disbelieving Singh, his earlier uncertainty about whether or not be had sheltered a Sikh militant at his home is a specific and cogent reason for disbelieving him. Likewise, although Singh testified that he had worked on the 1991 parliamentary election, he did not know who had won the election. Singh also did not adequately explain why he told an asylum officer that the police did not harass him until after his July 1996 arrest when his asylum application indicated dozens of police contacts prior to 1996. A reasonable factfinder would not have been compelled to conclude that Singh was a credible witness.

Singh's claim under the CAT is based on the same testimony that the IJ found to be not credible. As Singh "points to no other evidence that he could claim the [IJ] should have considered in making [his] determination under the Convention Against Torture," his CAT claim must fail along with his asylum claim. *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

The petition for review is

**DENIED.**

---

1. Because the parties are familiar with the    facts, we do not recite them here.