

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2004

# Tjandra v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4171

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Tjandra v. Atty Gen USA" (2004). *2004 Decisions.* Paper 922.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/922

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

02-4171

_____

KARTINI TJANDRA,
Petitioner

v.

John Ashcroft, ATTORNEY
GENERAL OF UNITED
STATES OF AMERICA,
Respondent

_____

Petition for Review of an Order
Of the Board of Immigration Appeals
(A76-118-563)

_____

Submitted Under Third Circuit LAR 34.1(a) (1993)
December 2, 2003

Before: SLOVITER, ALITO and FRIEDMAN,[*] Circuit Judges

(Filed: March 22, 2004)

## OPINION OF THE COURT

FRIEDMAN, Circuit Judge.

This petition for review challenges the Board of Immigration Appeals' ("Board")

affirmance of an immigration judge's rejection of a deportable alien's claim for asylum,

restriction on removal, and relief under the Convention Against Torture. We deny the

petition.

_____

[*] Daniel M. Friedman, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

1

The petitioner Kartini Tjandra, an Indonesian citizen of Chinese extraction, legally entered the United States as a visitor but overstayed her permissible residence. When the government sought to remove her, she admitted deportability but sought asylum based on fear of persecution if she were returned to Indonesia. At a hearing before an immigration judge, she based her claims upon three different events:

1. In 1990, 1991, and 1998 while traveling in a vehicle that functioned as a taxicab in Jakarta, the capital of Indonesia where she lived, she was robbed at knifepoint by an Indonesian while the vehicle was stopped for traffic, and the driver of the vehicle did nothing to aid her.

2. In 1998 the driver of a taxicab in which she was traveling attempted to rape her. She was saved when two men of Chinese extraction came to her aid. She testified that the driver told her that he hated Chinese people.

3. Between May 13 and 15, 1998, there were serious riots in Jakarta in which Muslims attacked the Chinese. In those riots many shops and houses of Chinese people were destroyed, including the store of her husband, which was burned down.

In a lengthy oral opinion, the immigration judge found that Ms. Tjandra "ha[d] not established a well-founded fear of persecution if she [was] returned to Indonesia" and denied her asylum. The immigration judge found that the three robberies were "street crimes" and that since the Chinese had most of the money in Indonesia, it was not surprising that robberies were directed against them. The attempted rape, the court found,

was just opportunistic. With respect to the 1998 riots directed against the Chinese, the immigration judge noted that State Department reports on Indonesia, which were in the record, stated that after the riots the Indonesian government endeavored to improve the situation there, which has become less repressive.

A single member of the Board affirmed the immigration judge's decision without opinion.

II

To qualify as a "refugee" who may receive asylum, an alien must establish that he or she is unable or unwilling to return to his or her country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Chang v. INS, 119 F.3d 1055, 1059 (3d Cir. 1997) (quoting 8 U.S.C. § 1101(a)(42)(A) (1988 & Supp. 1992)). The concept of "persecution" involves either government involvement or the involvement of individuals the government is "unable or unwilling" to control. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002).

When the Board affirms the administrative judge's decision without opinion, we review the administrative judge's decision. See 8 C.F.R. § 1003.1(e)(4) (2003). See also Fajardo v. INS, 300 F.3d 1018, 1019 n.1 (9th Cir. 2002) ("The BIA summarily affirmed the IJ's order, which therefore constitutes the final agency decision under review."). Our review of the administrative judge's findings, like our review of those of the Board, is limited: "the [Board's] finding must be upheld unless the evidence not only supports a

3

contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001) (citing Elias-Zacarias, 502 U.S. at 481 & n.1).

The evaluation of the evidence and the inferences to be drawn from it are for the immigration judge, not the reviewing court. Although Ms. Tjandra contends that the evidence she presented showed that she had a reasonable fear of persecution, the administrative judge found to the contrary, and substantial evidence supports that conclusion. Ms. Tjandra's arguments basically ask us to substitute our judgment for that of the immigration judge on the weight to be given the various items of evidence. That is something we cannot do. The decision of the Board is affirmed.

III

Ms. Tjandra also challenges the action of the Board in affirming the immigration judge's decision by the order of a single member without opinion. She contends that such action did not constitute an adequate or proper review of the case. In Dia v. Ashcroft, 353 F.3d 228 (3d Cir. 2003), this court en banc recently upheld the streamlined Board procedure. That opinion supports the Board's procedure in this case.

The petition for review is denied.