**Jenny Juwita WONG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73539.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2004.*

Decided June 8, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Allan A. Samson, Esq., San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Francesco Isgro, Attorney, David M. McConnell, Jonathan F. Cohn, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, and TASHIMA and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Jenny Juwita Wong, a native of China and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals ("BIA"). The BIA affirmed without opinion the immigration judge's ("IJ's") order denying Wong's applications for asylum, withholding of removal, and protection under the Convention Against Torture.[1] In streamlining cases, we review the IJ's order as the final agency decision. *Fajardo v. INS,* 300 F.3d 1018, 1019 n. 1 (9th Cir.2002).

Wong contends that she established a change in circumstances and extraordinary circumstances sufficient to excuse the late filing of her asylum application pursuant to 8 U.S.C. § 1158(a)(2)(D). We lack jurisdiction to review the IJ's determination that Wong failed to meet an exception to the time limit set forth in § 1158(a)(2)(B). *See* 8 U.S.C. § 1158(a)(3); *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001).

---

1. Wong has abandoned her withholding of removal and Convention Against Torture claims by not raising them before the BIA or in her opening brief on appeal.

Wong also contends that the BIA failed to follow its own regulations in streamlining her appeal and thereby violated her due process rights. Because we lack jurisdiction to review the merits of the IJ's decision, we also lack jurisdiction to determine whether streamlining was appropriate in this case. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 854 (9th Cir.2003). Wong's due process challenge based on the BIA's decision to streamline her case must therefore fail. *See id.* at 852.

The petition for review is DISMISSED.

* This disposition is not appropriate for publication and may not be cited to or by the courts

