Juan Manual **CALDERON–
HUERTA,** Petitioner,

v.

John **ASHCROFT,** Attorney
General, Respondent.

No. 03–70349.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 2, 2004.*

Decided Aug. 17, 2004.

Andres Moreno, Esq., Chula Vista, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Victor M. Lawrence, U.S. Department of Justice, Washington, DC, for Respondent.

Before: REINHARDT, NOONAN, and CLIFTON, Circuit Judges.

MEMORANDUM **

Juan Manual Calderon–Huerta, a native and citizen of Mexico, petitions for review of the Board of Immigration's (BIA) denial of his motion to reopen. In denying Calderon–Huerta's petition as untimely under 8 C.F.R. § 3.2, the BIA rejected his equitable tolling argument, which was based on the alleged ineffective assistance of his attorney and a subsequently hired paralegal. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We grant the petition and remand the case to the BIA.

We "recognize[ ] equitable tolling of deadlines and numerical limits on motions to reopen or reconsider during periods when a petitioner is prevented from filing

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003). "Where the ineffective performance was that of an actual attorney and the attorney engaged in fraudulent activity causing an essential action in her client's case to be undertaken ineffectively, out of time, or not at all, equitable tolling is available." *Id.* at 898. This standard is also applicable to paralegals. *See Fajardo v. INS,* 300 F.3d 1018, 1021–22 (9th Cir.2002).

Calderon–Huerta's legal counsel acted in a fraudulent, ineffective manner. His attorney failed to inform him that his appeal had been dismissed in April 2002 and then abandoned him. The paralegal that Calderon–Huerta then hired deceptively assured Calderon–Huerta that she would "investigate" his case, though apparently did nothing for several months as the deadline to file the motion to reopen passed. By seeking out his attorney when he learned through his own devices that his appeal had been dismissed and by transferring his file to the paralegal, Calderon–Huerta, a man with little knowledge of the technicalities of immigration law, exercised sufficient due diligence. Given the ineffective actions of the lawyer and paralegal and Calderon–Huerta's diligence in obtaining legal assistance, the BIA abused its discretion in declining to equitably toll the deadline. The case is remanded to the BIA for consideration in the first instance of the merits of Calderon–Huerta's motion to reopen. *See Fajardo,* 300 F.3d at 1022.

**PETITION GRANTED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.