Roberto Abelardo URRUNAGA RAMAL; et al.,
Petitioners,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

Nos. 04–71233, A70–775–860, A70–927–727, A70–927–728, A70–927–729.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.**

Decided June 22, 2005.

Angela N. McGill, Law Office of Angela N. McGill, Long Beach, CA, for Petitioners.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Blair T. O'Connor, Ari Nazarov, DOJ—U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before KLIENFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM***

Roberto Abelardo Urrunaga Ramal, Flor de Maria Valverde–Urrunaga, Sandro

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Urrunaga Valverde, and Saritt Urrunaga Valverde, natives and citizens of Peru, petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen deportation proceedings. We have jurisdiction pursuant to former 8 U.S.C. § 1105a(a). *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1183 (9th Cir.2001) (en banc). Reviewing for abuse of discretion, *see Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir.2000), we grant the petition for review.

The BIA abused its discretion when it concluded that the 90 day deadline for a motion to reopen was tolled only until Petitioners learned about the BIA's May 24, 2002 dismissal of their appeal. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) (holding that 90 day deadline for motion to reopen is subject to equitable tolling where petitioner is victim of deception, fraud, or error as long as petitioner exercises due diligence in discovering deception, fraud, or error). Petitioners claimed that while they had notice of the BIA's decision in January 2003, an immigration consultant told them to ignore it because they had pending applications for adjustment. Because false assurances of a third party will toll a deadline for a motion to reopen, Petitioners' deadline was tolled until they met with new counsel and discovered that contrary to their immigration consultant's advice, they were subject to deportation regardless of the pendency of their adjustment applications. *See Fajardo v. INS*, 300 F.3d 1018, 1022 (9th Cir. 2002) (finding that deadline should be tolled until petitioner became aware of the harm arising from deceptive conduct, not when she became aware of in absentia deportation order). We remand to the BIA so that it may consider the merits of Petitioners' motion to reopen. *See Socop– Gonzalez*, 272 F.3d at 1197.

**PETITION FOR REVIEW GRANTED; REMANDED.**