**Jarnail DASS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73435.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ-U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM **

Jarnail Dass, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen removal proceedings due to ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Socop–Gonzalez v. INS*, 272 F.3d 1176,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1187 (9th Cir.2001) (en banc), we deny the petition for review.

Equitable tolling of deadlines for motions to reopen applies "during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003). The sequence of events described in Dass's affidavit supports the contention that "ignorance of the limitations period was caused by circumstances beyond his control," *Socop–Gonzalez*, 272 F.3d at 1193, until May 2003, the date Dass allegedly became aware that his appeal to the BIA had been unsuccessful.

Dass's motion to reopen was not filed until March 2004, however, well beyond the 90–day filing period. *See* 8 C.F.R. § 1003.2(c)(2). Dass has not satisfactorily explained this delay. *Cf. Iturribarria*, 321 F.3d at 899 (noting petitioner's prompt retention of new counsel and filing of a motion to reopen); *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1225 (9th Cir.2002) (same). Nor has Dass demonstrated that he was unaware of the harm resulting from prior counsel's alleged misconduct until December 2003. *Cf. Fajardo v. INS*, 300 F.3d 1018, 1022 (9th Cir.2002) (providing for equitable tolling where a petitioner is ignorant of the harm caused by counsel). We conclude, therefore, that the BIA did not abuse its discretion in determining that Dass's motion was untimely even if equitable tolling is applied.

We also reject Dass's due process contention that he was denied a full and fair hearing. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1270 (9th Cir.2001) ("A decision by the BIA or immigration judge violates due process if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." (internal quotation marks and citation omitted)).

PETITION FOR REVIEW DENIED.