Maria Hirma **PANIAGUA–JIMENEZ;** et al., Petitioners,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–72620.

Agency Nos. A75–483–555, A75–483–556.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 13, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Edgardo Quintanilla, Attorney at Law, Sherman Oaks, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, TASHIMA, and FISHER, Circuit Judges.

### MEMORANDUM[**]

Maria Hirma Paniagua–Jimenez and her daughter, Elena Yaneth Arevalo–Paniagua, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reconsider its earlier decision dismissing as untimely their appeal from an immigration judge's ("IJ") order denying their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider. *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (2005). We review de novo questions of law and claims of due process violations. *Id.* We grant the petition for review.

In their motion to reopen, petitioners submitted a detailed declaration which they supported with receipts showing the money they paid a non-attorney representative who misled them into believing that the "waiver" she promised to get them would preserve their right to appeal their case to the BIA. The BIA abused its discretion when it determined that the declaration was "vague" and failed to prove that petitioners had an agreement with the non-attorney representative against whom they have filed an ineffective assistance claim. *See Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir.1999) (listing *Lozada* requirements necessary to establish ineffective assistance).

Not only did petitioners properly comply with *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988), they also acted with due diligence upon discovering that their appeal had not been filed. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) (recognizing "equitable tolling of deadlines and numerical limits on motions to reopen or reconsider during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error"). Therefore, we conclude that petitioners have shown that the deadline for filing an appeal should have been tolled in their case. *See Fajardo v. INS*, 300 F.3d 1018, 1022 (9th Cir.2002) (providing for equitable tolling where petitioner was ignorant of the harm caused by an immigration consultant).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.