**Miriam Xiomara PACHECO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,\* Respondent.**

No. 04–70874.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.\*\*

Decided Jan. 10, 2006.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Virginia Lum Fax, Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Miriam Xiomara Pacheco, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") order denying her motion to reopen proceedings in which she was deported in absentia. We review for abuse of discretion, *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000), and we grant the petition for review and remand for further proceedings.

Pacheco has resided in the United States for sixteen years, along with her seven United States citizen children. According to the record, Pacheco was the victim of fraud by an unscrupulous notario, Carlos Quantanilla. In her declaration, Pacheco states that she sent Quantanilla her new address in 1995. Pacheco did not hear from Quantanilla again and was unable to locate him. Pacheco never received the hearing notice. In 1998, Quantanilla was convicted of grand theft for taking advantage of Latino immigrants.

The IJ concluded that Pacheco did not demonstrate due diligence in discovering the fraud which caused her to file an untimely motion to reopen. However, the IJ failed to consider Pacheco's mental capacity in determining whether she acted with due diligence. Attached to Pacheco's motion to reopen is a psychologist's report stating that Pacheco is of borderline intelligence. In the report, the psychologist concluded that Pacheco's intellectual limitations left her vulnerable to a dishonest attorney which may have caused her to be deported. The IJ failed to consider this evidence. *See Mohammed v. Gonzales,* 400 F.3d 785, 792 (9th Cir.2005) (holding that BIA abused its discretion by denying

a motion to reopen when it fails to consider all of the attached evidence).

Accordingly, we grant the petition and remand to the BIA to remand to the IJ to consider this evidence in determining whether Pacheco acted with due diligence when she filed her motion to reopen six and a half months after receiving a new charging document. *See Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling applies "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering" the misconduct); *Fajardo v. INS,* 300 F.3d 1018, 1022 (9th Cir.2002) (providing for equitable tolling when petitioner was ignorant of the harm caused by an immigration consultant).

**PETITION FOR REVIEW GRANTED; REMANDED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.