**Bardukh KESHISHYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72537.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted July 24, 2006.*

Decided July 27, 2006.

Andre Boghosian, Offices of Boghosian & Morales, Glendale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Earle B. Wilson, Esq., Leslie McKay, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Bardukh Keshishyan, a native of Iran and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming without

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Keshishyan's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

opinion an immigration judge's ("IJ") order denying his motion to reopen removal proceedings due to ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1187 (9th Cir.2001) (en banc), we grant the petition for review and remand for further proceedings.

 The IJ abused his discretion in concluding that the late filing of Keshishyan's motion to reopen was not excused by equitable tolling. After learning in May 2002 from prior counsel, Walter Burrier, that Burrier had failed to file an appeal with the BIA, Keshishyan proceeded pro se to satisfy the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Upon receiving a favorable decision from the Connecticut Bar on November 14, 2002 in response to his complaint about Burrier's misconduct, Keshishyan diligently retained current counsel. Counsel filed the motion to reopen at issue with the Immigration Court on February 4, 2003, within 90 days after Keshishyan learned of the Connecticut Bar's decision. *See Iturribarria v. INS*, 321 F.3d 889, 899 (9th Cir.2003) (noting petitioner's prompt retention of new counsel and filing of a motion to reopen); *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1225 (9th Cir.2002) (same). We conclude that this series of events justifies equitable tolling to render Keshishyan's motion timely. Keshishyan's retention of new counsel after being informed of the Connecticut Bar decision was a necessary prerequisite for him to become fully aware of the legal ramifications of Burrier's misrepresentation, as opposed to simply knowing that the appeal had not been filed. *See Fajardo v. INS*, 300 F.3d 1018, 1022 (9th Cir.2002).

 Without a transcript of Keshishyan's removal proceedings and the initial IJ's oral decision, we are unable to review the alternative determination that Keshishyan did not demonstrate prejudice from the alleged ineffective assistance of counsel. *See generally Siong v. INS*, 376 F.3d 1030, 1037–38 (9th Cir.2004). The BIA did not address Keshishyan's request for a transcript and we therefore remand for further proceedings.

**PETITION FOR REVIEW GRANTED; REMANDED.**