**DAO MIN LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76162.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2007.

Filed June 6, 2007.

Gary J. Yerman, Esq., Law Office of Gary J. Yerman, New York, NY, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Karyn S. Johnson, Esq., Office of the U.S. Attorney, Seattle, WA, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: HUG, McKEOWN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

Dao Min Lin, a Chinese citizen, petitions for review of a Board of Immigration Appeals' (BIA) order denying his third motion to reopen his exclusion proceedings. Because the BIA relied on faulty legal reasoning to reject Lin's ineffective assistance of counsel claim, we grant his petition and remand to the BIA with instructions to reopen proceedings.

An immigration judge entered an order of exclusion against Lin in absentia after Lin, on the advice of counsel, did not appear at his 1994 exclusion hearing. In its order denying Lin's third motion to reopen, the BIA concluded that Lin had not received ineffective assistance because "reliance on an attorney to obtain a change of venue does not excuse an alien from appearing at his scheduled hearing." This case, however, does not involve an alien who skipped a hearing because he assumed his attorney would obtain a change of venue; rather, it involves an alien who followed counsel's explicit instruction not to attend his exclusion hearing. We have held that an alien receives ineffective assistance and is entitled to have his case reopened when he misses a required hearing and is ordered removed in absentia due to the erroneous advice of his counsel or immigration consultant. *See Lo v. Ashcroft*, 341 F.3d 934, 935 (9th Cir.2003); *Monjaraz–Munoz v. INS*, 327 F.3d 892, 896–97 (9th Cir.2003); *Fajardo v. INS*, 300 F.3d 1018, 1022 n. 8 (9th Cir.2002). Although the government questions the diligence with which Lin pursued his ineffective assistance claim, the BIA did not reject the claim on that basis. We " 'cannot affirm the BIA on a ground upon which it did not rely.' " *Bhasin v. Gonzales,* 423 F.3d 977, 987 (9th Cir.2005) (quoting *Navas v. INS,* 217 F.3d 646, 658 n. 16 (9th Cir.2000)).

Because we grant Lin's petition and instruct the BIA to reopen, we do not separately address Lin's asylum and adjustment of status claims.

**GRANTED and REMANDED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

