

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIGEN PATATANYAN, AKA Wicken Patatanian,<br><br>                Petitioner,<br><br>  v.<br><br>MATTHEW G. WHITAKER, Acting Attorney General,<br><br>                Respondent. | Nos.  16-71621<br>         16-72765<br><br>Agency No. A078-662-903<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2018[**]
San Francisco, California

Before:  CALLAHAN, N.R. SMITH, and MURGUIA, Circuit Judges.

1.     The Board of Immigration Appeals ("BIA") did not abuse its discretion in

denying Patatanyan's motion to reopen.  Patatanyan filed the one allowed motion

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to reopen under 8 U.S.C. § 1229a(b)(5) in December 2002. *See also* 8 C.F.R. § 1003.23. An immigration judge denied the 2002 motion; the appeal of the denial was dismissed by the BIA. The regulations, 8 C.F.R. §§ 1003.2, 1003.23, do not allow a petitioner to file a second motion to reopen in absentia proceedings based on the same claims.

Patatanyan also failed to establish the necessary due diligence required for equitable tolling. Patatanyan was aware of the paralegal's shortcomings when he filed his first motion to reopen in 2002.[1] *See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1194–96 (9th Cir. 2001) (en banc). Yet, he failed to provide a sufficient explanation for why it took him thirteen years after his 2003 removal to file the second motion.[2] *Id.*

---

[1] Patatanyan repeated the same allegations against the paralegal in the second motion to reopen. These arguments establish that Patatanyan discovered the paralegal's misconduct during his prior hearing. *See Fajardo v. INS*, 300 F.3d 1018, 1022 (9th Cir. 2002). He does not assert any new claims nor does he assert the lawyer representing him during the first motion to reopen was ineffective.

[2] In the alternative, the BIA also concluded that Patatanyan failed to comply with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), when asserting ineffective assistance of counsel by his paralegal. Because we conclude that the BIA did not abuse its discretion in finding Patatanyan did not act with due diligence, we need not address this alternative conclusion.

2.     The BIA did not abuse its discretion in denying Patatanyan's motion for reconsideration.[3]  The BIA concluded that Patatanyan failed to establish prima facie eligibility for relief, because he was ineligible under the persecutor bar for asylum and withholding of removal.  *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(2)(A)(i), 1231(b)(3)(B)(i).  Patatanyan did not challenge this finding on appeal; thus, it is waived.  *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).  As a result, Patatanyan has failed to establish prima facie eligibility for asylum or withholding of removal.[4]  *See* 8 C.F.R. § 1240.8(d).

**PETITIONS FOR REVIEW DENIED.**

---

[3] In addressing the motion to reopen, the BIA failed to address Patatanyan's claim that materially changed circumstances entitled him to relief.  However, any error was harmless, because the BIA considered the claim on the merits in reviewing the motion for reconsideration.

[4] In the alternative, the BIA concluded that Patatanyan failed to produce evidence of materially changed circumstances.  Because Patatanyan is ineligible for asylum and withholding of removal under the persecutor bar, we need not reach this issue.  However, even if we were to reach it, Patatanyan has not established that the BIA abused its discretion in making this conclusion.  *See* 8 C.F.R. § 1003.2(c)(3)(ii).