NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS EDUARDO MALDONADO-GOMEZ, AKA Luis M. Gomez, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 15-73281 <br><br> Agency No. A072-543-121 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2019[**]
Pasadena, California

Before: GOULD and NGUYEN, Circuit Judges, and MARBLEY,[***] District Judge.

Petitioner Luis Eduardo Maldonado-Gomez appeals the Board of

Immigration Appeals' ("BIA") denial of his motion to reopen removal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

proceedings. We have jurisdiction under 8 U.S.C. § 1252(a). Because the BIA did not abuse its discretion, we deny the petition.

On September 21, 2005, Maldonado-Gomez's counsel conceded his removability and did not apply for cancellation of removal. Nearly ten years later, on February 12, 2015, Maldonado-Gomez filed his petition to reopen, alleging ineffective assistance of counsel because his former counsel did not raise cancellation of removal. Maldonado-Gomez claims he discovered the alleged ineffective assistance on August 4, 2014, when he spoke to a new attorney for the first time about the September 2005 removal. Maldonado-Gomez argues that he is entitled to equitable tolling due to his former counsel's error.

The time limit for filing a motion to reopen is ninety days from the final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). The deadline for motions to reopen may be equitably tolled during "periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003). When evaluating due diligence, courts consider (1) if a reasonable person in petitioner's position would suspect the error; (2) if petitioner "took reasonable steps to investigate" the error or if ignorant of the error, whether petitioner "made reasonable efforts to pursue relief"; and (3) when

2

petitioner "definitively learns" of the harm. *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011).

Even assuming that his former counsel was ineffective, Maldonado-Gomez has failed to show that he acted diligently during the nearly ten-year delay. *Cf. Socop-Gonzalez v. INS*, 272 F.3d 1176, 1183 (9th Cir. 2001) (finding equitable tolling when an Immigration and Naturalization service officer provided incorrect advice to petitioner but petitioner hired counsel within about three months); *Fajardo v. INS*, 300 F.3d 1018, 1019 (9th Cir. 2002) (finding equitable tolling after a roughly five-year delay where the petitioner acted diligently by seeking new counsel after two non-attorneys deceived her and provided inadequate legal services); *Luna v. Holder*, 659 F.3d 753, 760–61 (9th Cir. 2011) (denying equitable tolling when the petitioner timely paid the filing fee for a motion but then failed to file it until six months later); *Mejia-Hernandez v. Holder*, 633 F.3d 818, 824–26 (9th Cir. 2011) (finding equitable tolling after a roughly seven-year delay when the petitioner had compelling grounds to trust his lawyer who was successful in obtaining relief for the petitioner's wife). During this ten-year period, Maldonado-Gomez again illegally reentered the United States and was removed a second time, without filing a motion to reopen or taking any steps to explore his

3

former counsel's alleged ineffective assistance.[1]  Even after discovering his former counsel's alleged error on August 4, 2014, Maldonado-Gomez still waited nearly six months before filing his motion to reopen on February 12, 2015.  Given the lengthy delay and on this record, we cannot say that the BIA abused its discretion in denying the motion to reopen as untimely.

Because we deny the petition on timeliness grounds, we need not address any other claim raised in Maldonado-Gomez's petition.

**PETITION DENIED.**

---

[1] We need not address Maldonado-Gomez's claim that the BIA impermissibly engaged in fact-finding in denying him equitable tolling.  Even if the BIA had construed all the facts in his declaration in his favor, the outcome would not have been different.

4