Jose Luis Camacho **URIARTE**,
Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–74456.
Agency No. A75–652–821.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*
Decided Sept. 15, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Andrew J. Vazquez, Law Offices of Andrew J. Vazquez, Pasadena, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Lightbody, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM**

Jose Luis Camacho Uriarte, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of his motion to reopen proceedings, in which he was ordered removed in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. "Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). Reviewing for abuse of discretion, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000), we grant the petition for review and remand for further proceedings.

■ First, the agency abused its discretion by failing to explain why the address provided by Camacho Uriarte on his asylum application supports an in absentia removal order. *See In re G–Y–R–,* 23 I. & N. Dec. 181, 187, 2001 WL 1515819 (BIA 2001) (en banc) ("[A]n address does not become a section 239(a)(1)(F) address *unless* the alien [actually or constructively] receives the warnings and advisals contained in the Notice to Appear.").

■ Second, both the IJ and the BIA abused their discretion in assessing Camacho Uriarte's ineffective assistance of counsel claim. The IJ dismissed this claim as untimely without considering whether equitable tolling should apply. *Cf. Fajardo v. INS,* 300 F.3d 1018, 1022 (9th Cir. 2002) (providing for equitable tolling during the period in which a petitioner is ignorant of the harm caused by ineffective assistance). As the government concedes, the IJ misread a rent receipt that Camacho Uriarte submitted to demonstrate his address at the relevant time to be a record of payment to the allegedly fraudulent "attorney" Rodriguez.

■ The BIA abused its discretion in concluding that Camacho Uriarte's ineffective assistance of counsel claim was barred because he failed to comply with *Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988). In this regard, the government challenges only the sufficiency of Camacho Uriarte's declaration as a description of the agreement he made with Rodriguez. We conclude that the declaration adequately details Camacho Uriarte's dealings with Rodriguez, and thereby satisfies the applicable *Lozada* requirement. *See Lo v. Ashcroft,* 341 F.3d 934, 937–38 (9th Cir.2003).

We remand for further proceedings regarding Camacho Uriarte's motion to reopen.

**PETITION FOR REVIEW GRANTED; REMANDED.**