**Atinder Pal SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–76259.**

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006 *.

Filed Dec. 22, 2006.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). The panel referred this case to mediation by the court's mediation office, which was unsuccessful.

Hardeep Singh Rai, Tsz–Hai Huang Fax, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Bryan S. Beier, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

## AMENDED MEMORANDUM **

Atinder Pal Singh ("Singh"), a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his motion to reopen deportation proceedings in order to apply for adjustment of status. We have jurisdiction pursuant to 8 U.S.C. § 1252. *Sotelo v. Gonzales,* 430 F.3d 968, 970 (9th Cir.2005). Reviewing for abuse of discre-

tion, *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1187 (9th Cir.2001) (en banc), we grant the petition and remand for further proceedings.

█ The BIA abused its discretion in concluding that the late filing of Singh's motion to reopen was not excused by ineffective assistance of prior counsel, Randhir Kang, and instead constituted a lack of due diligence by Singh. A motion to reopen is due "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). The INS's letter of March 3, 2003 about Singh's adjustment of status application did not state that his appeal to the BIA had been dismissed on June 5, 2002. Several months later, Singh sought and then retained new counsel. He filed the motion to reopen at issue diligently after being informed that Kang did not communicate the BIA's decision to him. Equitable tolling therefore rendered Singh's motion timely. *See Fajardo v. INS,* 300 F.3d 1018, 1022 (9th Cir.2002).

█ On the merits of the motion to reopen, Singh has substantially complied with the requirements of *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988). As Kang's ineffectiveness denied Singh the opportunity to petition for review of the BIA's dismissal of his appeal and to file a timely motion to remand for consideration of his adjustment of status application, a presumption of prejudice arises which is not rebutted where a petitioner demonstrates plausible grounds for relief. *See Siong v. INS,* 376 F.3d 1030, 1037–38 (9th Cir.2004). Through his adjustment of status application, Singh has shown plausible grounds for relief at the time the BIA

dismissed his appeal. Adjustment of status was the only form of relief considered by the BIA in its decision under review, so we do not address Singh's arguments concerning his asylum and withholding of deportation application.

Without expressing an opinion as to the merits of Singh's claimed relief, we remand with directions that his proceedings be reopened for the BIA to consider his motion to remand for purposes of adjustment of status. *See Singh v. Ashcroft,* 367 F.3d 1182, 1190 (9th Cir.2004).

**PETITION FOR REVIEW GRANTED; REMANDED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.