**Tufail AHMED, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71041.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 28, 2007.

Richard D. Fraade, Esq., Law Office of Richard D. Fraade, Beverly Hills, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Isaac J. Lidsky, U.S. Dept. of Justice, Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

634

MEMORANDUM **

Tufail Ahmed, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen deportation proceedings due to ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1187 (9th Cir.2001), we grant the petition for review.

In addition to claiming ineffective assistance from his former counsel, Ahmed claims he was misled by two immigration consultants. In his declaration, Ahmed says that the first consultant told him he would file "something," despite the thirty-day deadline for petitions for review having passed. Ahmed then says that a second consultant, who held himself out as an attorney, claimed he would handle his case, although which case is not entirely clear, but did nothing and did not turn over Ahmed's file to his current counsel until September 2004. The BIA abused its discretion by failing to consider Ahmed's claims concerning the alleged misconduct of his immigration consultants. *See Fajardo v. INS*, 300 F.3d 1018, 1022 (9th Cir. 2002) (holding that the limitation period on motions to reopen was tolled until petitioner retained new counsel and became aware of the harm resulting from the deceptive actions of her immigration consultants); *Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir.1999) (tolling the time period based on fraudulent representations made by a notary posing as an attorney). Therefore, we remand for further proceedings. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW GRANTED; REMANDED.