Juan Antonio **RIVERA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–73769.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2007.

Filed June 7, 2007.

Alan R. Diamante, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD and PAEZ, Circuit Judges, and HART *, District Judge.

## MEMORANDUM **

Juan Antonio Rivera petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming without opinion an immigration judge's ("IJ") denial of his motion to reopen in absentia deportation proceedings. We have jurisdiction under 8 U.S.C. § 1105a(a), as amended by § 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRAIRA"). *See Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir.1997). Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency decision. *See Fajardo v. INS,* 300 F.3d 1018, 1019 n. 1 (9th Cir.2002). We review for abuse of discretion the IJ's denial of Rivera's motion to reopen. *See id.* at 1019. We grant Rivera's petition for review and remand for further proceedings.

In Rivera's September 12, 2002 motion to reopen, which was the second motion to reopen that he filed, Rivera alleged that he failed to attend his deportation hearing because of ineffective assistance of counsel ("IAC") by a self-proclaimed immigration law expert. Rivera also alleged that he failed to file a timely and adequately supported first motion to reopen because of IAC by another non-attorney posing as an immigration consultant. For these reasons, Rivera urged the BIA to equitably toll the deadline for filing his second motion to reopen, which he filed more than 180 days after he was ordered deported in absentia.[1] *See Fajardo,* 300 F.3d at 1019–20; 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1).[2]

In denying Rivera's motion to reopen, the IJ determined that: (1) the motion was number barred, because Rivera previously filed a motion to reopen; and (2) the motion was untimely and not equitably tolled, because Rivera "did not indicate that there was any delay in receiving notice of the

---

\* The Honorable William Hart, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Government did not dispute that Rivera complied with the requirements of *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988), for filing a motion to reopen on the basis of IAC.

2. The portions of 8 C.F.R. § 1003.23 relevant to our decision mirror former 8 U.S.C. § 1252b(c)(3), which was repealed in 1996, but applies in the instant case under IIRAIRA's transitional rules.

[prior IJ] decision [denying his first motion to reopen]."

The Government concedes that the IJ acted contrary to law by holding that Rivera's motion was number barred, as the numerical limit that generally applies to motions to reopen does not apply to motions to reopen to rescind deportation orders entered in absentia. *See* 8 C.F.R. § 1003.23(b)(1), (b)(4)(iii)(D). We conclude that the IJ also acted contrary to law and applied an erroneous legal standard by denying equitable tolling solely because Rivera did not allege a delay in receiving notice of the prior IJ decision denying his first motion to reopen.

Under the federal regulations, a motion to reopen to rescind a deportation order entered in absentia can be filed more than 180 days after the order only if the petitioner "demonstrates that he or she did not receive notice" of the order. *Id.* § 1003.23(b)(4)(iii)(A)(2). However, in *Fajardo*, we held that the 180–day limit can also be equitably tolled on the basis of IAC, regardless of whether the petitioner received timely notice of prior orders. *See* 300 F.3d at 1019 n. 2, 1022 (holding that,

where petitioner "d[id] not challenge notice" of any prior order, her motion to reopen on the basis of IAC "must be tolled until [she] was aware of the harm resulting from [the] misconduct" of two non-attorney immigration consultants). In particular, equitable tolling is available "during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003).

Hence, the IJ acted contrary to law and applied an erroneous legal standard by failing to apply equitable tolling principles to Rivera's motion to reopen solely because he did not allege a delay in receiving notice of the prior IJ decision denying his first motion to reopen. In deciding whether equitable tolling is warranted, the IJ must determine whether Rivera exercised due diligence in discovering the alleged IAC, which does not turn on Rivera's receipt of the prior IJ decision.[3]

Because the IJ applied an incorrect legal standard, we do not address the merits of Rivera's equitable tolling claim. *See Aza-*

---

**3.** The dissent attempts to fill in the gap between the sole reason the IJ gave for denying equitable estoppel—that Rivera did not indicate any delay in receiving notice of the prior IJ decision denying his first motion to reopen—and the legal standard that the IJ should have applied—whether Rivera exercised due diligence. When we review a BIA decision, however, we must consider only the reasoning in the agency's final decision. *See Azanor*, 364 F.3d at 1021 (holding that "we must decide whether to grant or deny the petition for review based on the *Board's* reasoning rather than our own independent analysis" (emphasis added)). Thus, the dissent's detailed analysis of due diligence cannot substitute for the lack of any such analysis in the IJ's decision, and cannot be the basis for affirming the final agency decision.

Also, the dissent appears to argue that the IJ's finding regarding notice *necessarily* an-

swered the due diligence question because, when Rivera received notice of the prior IJ decision, he must have become aware of the harm resulting from the misconduct of the two immigration experts and obtained the vital information needed for his IAC claim. This argument, however, is not supported by our case law. In several instances, we have found that the petitioner did not become sufficiently aware of the relevant misconduct until meeting with present counsel, even though the petitioner had received notice of the relevant prior agency decisions at an earlier date. *See, e.g., Fajardo*, 300 F.3d at 1019 n. 2, 1021–22 ("[Petitioner] subsequently hired her present counsel and only then became aware of the extent of [the alleged] misrepresentations."); *Iturribarria*, 321 F.3d at 899; *Lopez v. INS*, 184 F.3d 1097, 1098–1100 (9th Cir. 1999).

*nor v. Ashcroft,* 364 F.3d 1013, 1021 (9th Cir.2004) ("[W]e must decide whether to grant or deny the petition for review based on the Board's reasoning...."). Instead, we remand for further proceedings consistent with this disposition.

**PETITION FOR REVIEW GRANTED; REMANDED.**

KLEINFELD, Circuit Judge, dissenting:

I respectfully dissent.

Under 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1), a petitioner who demonstrates "exceptional circumstances" may file a motion to reopen up to 180 days after the entry of an order of removal. Rivera's motion was filed 2015 days after entry of the order of removal, and 955 days after the denial of his prior motion to reopen.[4]

The IJ properly acknowledged that "the time limitations on motions to reopen may be equitably tolled in cases where 'despite all due diligence, [the respondent] is unable to obtain vital information bearing on the existence of the claim.'"[5] And the IJ properly noted that "this includes situations where the alien's lack of awareness results from fraud by a third party or the ineffective assistance of counsel."[6] However, the IJ also gave a suitable reason for denying equitable tolling in this case:

> [Rivera] did not indicate that there was any delay in receiving notice of the Court's [denial of his first motion to reopen], so the time is not equitably tolled.

This vitiated Rivera's equitable tolling claim. Tolling applies "where ... *despite all due diligence,* [the party invoking equitable tolling] is unable to obtain vital information bearing on the existence of the claim[,]"[7] including "aware[ness] of the harm resulting from [alleged] misconduct."[8]

Upon receipt of the order denying his first motion to reopen, on January 31, 2000, Rivera knew the following: (1) he had been ordered deported because he had failed to appear at his hearing, and had failed to appear at that hearing because his immigration expert had not met him at a predetermined location the morning of the hearing; (2) this expert's subsequent advice—that there was no way to challenge the order—was incorrect; and (3) that his first motion to reopen was denied, in part, because the new immigration expert representing him filed the motion late.

At that point, Rivera had the "vital information" he needed to claim ineffective assistance. Yet he delayed filing a second motion to reopen for nearly 3 years (955 days). This lack of "due diligence" precludes equitable tolling after January 31, 2000.

---

**4.** Rivera's prior motion to reopen was filed 893 days after entry of the order of removal.

**5.** *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1193 (9th Cir.2001).

**6.** *Id.,* citing *Varela v. INS,* 204 F.3d 1237, 1240 (9th Cir.2000) and *Lopez v. INS,* 184 F.3d 1097, 1100 (9th Cir.1999).

**7.** *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1193 (9th Cir.2001) (en banc) (emphasis added) (quotation omitted); *see also Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003).

**8.** *Fajardo v. INS,* 300 F.3d 1018, 1019 n. 2 (9th Cir.2002); *see also Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003).