**Moises QUINONEZ–RODAS,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

No. 04–76288.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 2007.

Filed Sept. 12, 2007.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Shan D. Potts, Esq., Robert S. Kahn, Esq., Berke Law Offices, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Robbin K. Blaya, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BERZON and IKUTA, Circuit Judges, and SINGLETON,* Senior District Judge.

MEMORANDUM **

Moises Quinonez–Rodas petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the denial of his motion to reopen to rescind his

---

\* The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

prior *in absentia* deportation order and to adjust his status. We deny the petition.

■■■ Petitioner did not argue to the immigration judge (IJ) or the BIA that the IJ erred under *In re M–S–,* 22 I. & N. Dec. 349 (BIA 1998) (en banc), and applied the wrong standard in evaluating petitioner's motion to reopen. Therefore, we lack jurisdiction to consider such an argument. *Garcia–Ramirez v. Gonzales,* 423 F.3d 935, 938 (9th Cir.2005). We note that petitioner's motion is untimely because it was filed more than seven years after the *in absentia* deportation order was entered. 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1) (motion to rescind must be filed within 180 days from the date of the *in absentia* deportation order if the alien wishes to demonstrate that his failure to appear was because of "exceptional circumstances"). Even if Petitioner had raised the argument that the IJ should have deemed petitioner's adjustment of status request to be a separate motion to reopen and should have reviewed it under a different standard, such a motion would have been untimely. 8 C.F.R. § 1003.23(b)(1) (motion to reopen for adjustment of status must be filed within 90 days of the date the final administrative order of deportation was entered, or on or before September 30, 1996, whichever is later). Petitioner has failed to allege fraud or misconduct to the agency or to this court sufficient to entitle him to equitable tolling of either of these filing deadlines. *See Fajardo v. INS,* 300 F.3d 1018, 1020–22 (9th Cir.2002). Nor has petitioner advanced any other argument that would excuse his failure to comply with the time requirements set forth in the regulations. *See In re M–S–,* 22 I. & N. Dec. at 353–55. Given this fact, we cannot say the BIA abused its discretion in denying his motion.

## PETITION FOR REVIEW DENIED.

BERZON, Circuit Judge, dissenting:

I respectfully dissent.

Moises Quinonez–Rodas moved to reopen an *in absentia* deportation order on two grounds: rescission of the deportation order based on exceptional circumstances[1] and adjustment of status based upon visa petitions filed by his U.S. citizen mother and wife. The BIA, without explanation, never considered or even referred to the adjustment of status ground for reopening.

"[T]here must be a reasoned explanation by the BIA of the basis for its decision." *Franco–Rosendo v. Gonzales,* 454 F.3d 965, 966 (9th Cir.2006) (citing *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir. 2005)). "The BIA abuses its discretion when it fails to 'consider and address in its entirety the evidence submitted by a petitioner' and to 'issue a decision that fully explains the reasons for denying a motion to reopen.'" *Franco–Rosendo,* 454 F.3d at 966 (quoting *Mohammed v. Gonzales,* 400 F.3d 785, 792–93 (9th Cir.2005)). It abused its discretion here.

The BIA adopted the decision of the Immigration Judge (IJ) so "we review the IJ's decision as if it were that of the BIA." *Abebe v. Gonzales,* 432 F.3d 1037, 1039 (9th Cir.2005); *see also Matter of Burbano,* 20 I. & N. Dec. 872, 874 (BIA 1994). The IJ only considered whether the motion to reopen to rescind was timely and concluded it was not. The BIA, adopting this decision, also referred only to the rescission ground. But, under the statutory framework applicable to Quinonez–Rodas,

---

[1]. I agree with the majority that Quinonez–Rodas could not reopen to rescind his *in absentia* deportation order. The statute then applicable, 8 U.S.C. § 1252b(c)(3), required *both* the presence of exceptional circumstances surrounding his absence at his hearing and that such a motion be filed "within 180 days of the order of deportation." Quinonez–Rodas failed to meet the deadline.

the rescission provisions do not apply to a motion to reopen to adjust status, for which rescission is not required. *In re M–S–*, 22 I. & N. Dec. 349, 355–56 (BIA 1998) (en banc) ("[T]he requirements for rescission of an *in absentia* order are inapplicable to a motion that does not seek rescission of that order."). So the rescission discussion could not have encompassed the motion for adjustment of status, and there is no indication that it did.[2]

Quinonez–Rodas has preserved this ground, arguing that he is entitled to adjustment of status in his motion to reopen before the BIA and the IJ and in his brief before this court.

The majority nonetheless affirms the BIA by deciding that Quinonez–Rodas's motion to adjust status was untimely with regard to the 90–day deadline of 8 C.F.R. § 1003.23(b)(1), a regulatory provision neither the BIA nor the IJ cited. "[T]his court cannot affirm the BIA on a ground upon which it did not rely." *Navas v. I.N.S.*, 217 F.3d 646, 658 n. 16 (9th Cir. 2000) (citing *Securities and Exchange Comm'n v. Chenery*, 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947)); *see also Malta–Espinoza v. Gonzales*, 478 F.3d 1080, 1083 n. 3 (9th Cir.2007) (same). Moreover, the BIA has never held that motions to reopen to adjust status must be filed within 90 days of the deportation order where, as here, there was a five-year statutory barrier to reopening to adjust status due to an *in absentia* deportation order, rendering a motion filed within ninety days of the deportation order futile. Whether the deadline applies is therefore an open question, and one of some difficul-

ty. We should not be deciding it in the first instance.

I would remand to the BIA for consideration of Quinonez–Rodas's adjustment of status ground. I therefore respectfully dissent.

---

2. If the BIA did apply the rescission requirements to the motion to adjust status, it disregarded its own opinion in *In re M–S–*, thereby abusing its discretion. *Yepes–Prado v. I.N.S.*, 10 F.3d 1363, 1370 (9th Cir.1993) (the "BIA acts arbitrarily when it disregards its own

precedents and policies without giving a reasonable explanation for doing so.").

