MEMORANDUM *
Charanjeet Singh petitions for review of the denial of his motion to reopen by the Board of Immigration Appeals (“BIA”). We have jurisdiction pursuant to 8 U.S.C. § 1252 and review for abuse of discretion. Mercado-Zazueta v. Holder, 580 F.3d 1102, 1104 (9th Cir.2009). We grant the petition.
Singh filed his motion to reopen on April 8, 2008, asserting that his previous attorney, Randhir Kang, was ineffective for failing to take appropriate, timely action after Singh married a U.S. citizen. Motions to reopen based on claims of ineffective assistance of counsel are typically subject to the procedural requirements of In re Lozada, 19 I & N Dec. 637 (BIA 1988), which include notifying prior counsel of the allegations, Lo v. Ashcroft, 341 F.3d 934, 937 (9th Cir.2003). The BIA denied Singh’s motion to reopen because the notice he sent to Kang was not sufficiently detailed.
In Morales Apolinar v. Mukasey, we held that “where a petitioner’s attorney has been suspended after failing to respond to prior charges of ineffective assistance, it would be futile for the petitioner to inform counsel of the accusations or file a complaint.” 514 F.3d 893, 897 (9th Cir. 2008). Here, the Department of Homeland Security petitioned for Kang’s suspension from practicing before the BIA on January 23, 2006, and although Kang was *882 required to file an answer to these allegations, he failed to do so. See In re Kang, No. D2005-184, at 1 (BIA Apr. 11, 2006), available at http://www.justice.gov/eoir/ profcond/FinalOrders/KangRandhir_Final Order.pdf. Accordingly, under Morales Apolinar, Singh was excused from providing any notice to Kang. The BIA’s strict application of Lozada was an abuse of discretion.
The BIA alternatively held that Singh’s motion was time-barred. A motion to reopen must be filed within 90 days of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). This deadline may be equitably tolled, however, “during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error.” Ghahremani v. Gonzales, 498 F.3d 993, 999 (9th Cir.2007) (quoting Iturribarria v. INS, 321 F.3d 889, 897 (9th Cir.2003)). If the petitioner acts with due diligence, “the limitations period is tolled until the petitioner ‘definitively learns’ of counsel’s defectiveness.” Id. (quoting Singh v. Gonzales, 491 F.3d 1090, 1096 (9th Cir.2007)).
Because of Kang’s repeated assurances, Singh indicates that he did not definitively learn of Kang’s ineffectiveness until speaking with his present counsel in February 2008. The BIA concluded, however, that Singh — through the exercise of due diligence — should have discovered his claim the moment his present counsel was appointed by the court for mediation purposes on August 30, 2007. The BIA provided no reasoned justification for this conclusion. Singh’s present counsel did not receive the file in this case until late September 2007, and Singh did not meet his present counsel until October 2007. Present counsel indicates that he did not discover Singh’s potential claim until January 28, 2008, having previously been engaged in several months of court-ordered mediation with the government in this matter.
Although we have previously started the limitations period when a petitioner obtains new counsel, we have done so only in light of the particular facts and circumstances of a case. See Fajardo v. INS, 300 F.3d 1018, 1022 (9th Cir.2002) (“Given the facts of this case, the limitation period ... must be tolled until Fajardo was aware of the harm resulting from Serra and Levin’s misconduct. In the present circumstances, that would be the time in which Fajardo obtained her present counsel.” (emphasis added)); see also Iturribarria, 321 F.3d at 899 (“If the asserted facts were established, the ninety-day limitation period ... did not begin running until ... the day Mr. Iturribarria met with his new counsel to discuss his file and first became aware of Ms. Caiman’s alleged fraud.” (emphasis added)). Here, the BIA appears to apply a per se rule rather than the fact-sensitive analysis required for equitable tolling. This was an abuse of discretion.
We grant Singh’s petition and remand to the BIA for further proceedings consistent with this Memorandum.
PETITION GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.